IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARKEITH JOHN WEBB,** : | |
| Petitioner : | |
| : | No. 1:22-cv-01078 |
| v. : | |
| : | (Judge Kane) |
| **WARDEN J. SAGE,** : | |
| Respondent : | |

## MEMORANDUM

Before the Court is a habeas corpus petition filed under 28 U.S.C. § 2241 through which Petitioner Markeith John Webb ("Webb") seeks earned time credit towards his sentence pursuant to the First Step Act ("FSA"). For the reasons discussed below, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

**I.     BACKGROUND**

Webb is currently incarcerated by the United States Bureau of Prisons ("BOP") in Schuylkill Federal Correctional Institution ("FCI-Schuylkill"). He is serving a 199-month sentence imposed by the United States District Court for the Eastern District of Pennsylvania for bank robbery in violation of 18 U.S.C. § 2113(d) and using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). See United States v. Webb, No. 5:09-cr-00755 (E.D. Pa. filed December 1, 2009).

Webb filed the instant petition on July 7, 2022, and the Court received and docketed the petition on July 11, 2022. (Doc. No. 1 at 8.) Webb asserts the BOP has failed to credit him with earned time credit pursuant to the FSA and seeks a writ of habeas corpus compelling the BOP to provide such credit. (Id. at 6.) Webb acknowledges that he has not sought administrative relief from the BOP related to his request (id. at 2), but he argues in an attached brief that exhaustion of administrative remedies should be excused as futile because the BOP has a policy "to deny

those with a 924(c) [conviction] even when they have another sentence[] that is FSA eligible." (Doc. No. 2 at 3).

Respondent, the warden at FCI-Schuylkill ("Respondent"), responded to the petition on July 8, 2022. (Doc. No. 7.) Respondent argues that the petition should be dismissed for failure to exhaust administrative remedies or, alternatively, that it should be denied on its merits. (Id.) Webb did not file a reply brief, and the deadline for doing so has expired under the Local Rules. The petition is accordingly ripe for review.

## II. DISCUSSION

28 U.S.C. § 2241 does not contain an explicit statutory exhaustion requirement, but the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a Section 2241 petition. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." See id. at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is not required when it would not promote these goals, such as when exhaustion would be futile. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998).

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." See 28 C.F.R. § 542.10(a). First, an inmate should attempt informal resolution of the issue with the appropriate staff member. See id. § 542.13(b). If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the warden within twenty (20) calendar days

"following the date on which the basis for the Request occurred." See id. § 542.14(a). The warden is to respond to the request within twenty (20) calendar days. See id. § 542.18. An inmate dissatisfied with the warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the warden signed the response." See id. § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." See id. The General Counsel's response is due within forty (40) calendar days; however, the time period for response may be extended by twenty (20) days. See id. § 542.18.

In this case, Respondent contends that Webb has failed to exhaust administrative remedies because he has not filed any administrative remedy requests relating to the FSA. (Doc. No. 7 at 3.) Respondent attaches a declaration from Jennifer Knepper, an attorney advisor for the BOP, which corroborates Respondent's contention that Webb has failed to exhaust administrative remedies. (Doc. No. 7-1 at 3-4.)

Webb concedes that he has not exhausted administrative remedies (Doc. No. 1 at 2), but he argues that exhaustion should be excused because the BOP purportedly has a policy of denying FSA time credits to any inmates with a conviction under 18 U.S.C. § 924(c). (Doc. No. 2 at 3.) The Court finds this argument unavailing, as Webb does not attach or cite any documents to support his contention that such a policy exists. Webb's conclusory and unsupported assertion that the BOP has a policy to deny FSA credits to those with a Section 924(c) conviction is not sufficient to excuse exhaustion. Thus, the Court concludes that dismissal for failure to exhaust administrative remedies is appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Webb's petition for writ of habeas corpus without prejudice for failure to exhaust administrative remedies. An appropriate Order follows.